**PORTER, Price Adm'r, OPA, v. BICKET et al.**

**No. 3801.**

District Court, W. D. Missouri, W. D.

May 23, 1946.

Dick F. Bennett, Dist. Enforcement Atty., Glen V. Graf, and Carroll W. Berry, all of Kansas City, Mo., Rent Attys., for plaintiff.

Sam Mandell and Dan Boyle, both of Kansas City, Mo., for defendants.

REEVES, District Judge.

The defendants Jacob Gershon and Morris Friedman have filed their motion to dismiss the complaint on the ground that it fails to state a cause of action. The reasoning of counsel in support of the motion is that: "There is no allegation * * * that the alleged acts complained of are continuing or will continue, etc."

An inspection of the amended complaint insofar as it relates to the two named defendants shows substantially the following facts:

That these defendants "in collusion, by permission, cooperation, contract and in conspiracy with said Albert W. Rader, his agents or employees, and pursuant to, or under contract with said Albert W. Rader, have committed, authorized, permitted, ratified or acquiesced in the acts of and with said Albert W. Rader as heretofore mentioned and specifically as follows: * * *."

The complaint then sets out acts of the defendants designed to secure the eviction of tenants by misrepresentations, duress, and terrorism. Moreover, there is a specific allegation: "That defendant landlords have failed to repair plumbing and maintain required services to various tenants, in violation of the Act [50 U.S.C.A.Appendix, § 901 et seq.]."

The complaint thereafter sets forth specific averments of alleged wrongdoing by each of the moving defendants wholly apart from their relationship to Albert W. Rader, now deceased. It may be inferred from the complaint that the duress, terrorism, and unrest imposed upon and inculcated in the tenants is still prevailing.

However, Section 925, Title 50 U.S.C.A.Appendix, specifically provides that: "Whenever in the judgment of the Administrator any person has engaged * * * in any acts or practices which constitute * * * a violation of any provision of section 4 of this Act (Section 904 of this Appendix), he may make application to the appropriate court for an order enjoining such acts or practices, or for an order enforcing compliance with such provision, and upon a showing by the Administrator that such person has engaged * * * in any such acts or practices a permanent or temporary injunction, restraining order, or other order shall be granted without bond." The deleted portions of the section refer to acts in which the defendant is about to become engaged. Threatened acts of the defendant or defendants, however, are not essential to the granting of the injunction. The fact that Albert W. Rader, who acted for the defendants, has since deceased does not vindicate the wrongful acts committed by him on behalf of the defendants, and which acts were clear violations of the law, if the averments of the complaint be true.

As indicated, these averments of acts committed by the defendants are separate and distinct from the conspiratorial acts of the deceased Rader.

In view of the above, the motion to dismiss should be denied and it will be so ordered.